IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Adam Titus (R43512), | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 23-cv-02036 |
| v. | ) ) ) | Honorable John F. Kness |
| Simone Thornton *et al.*, | ) ) | |
| Defendants. | ) | |

# DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, Simone Thornton and David Gomez, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and for their Answer and Affirmative Defenses to Plaintiff's Amended Complaint, state the following:

## ANSWER

1. On April 8, 9, 10, 11, 12, 13 of 2021, while at Stateville Correctional Center, Plaintiff was subjected to an Eight Amendment violation cruel and unusual punishment and deliberate indifference to Plaintiff living condition.

**ANSWER: Defendants Thornton and Gomez deny the allegations contained in this paragraph.**

2. Plaintiff was placed in "Edward house" in cell #7, 02, Plaintiff toilet and sink was completely shut off and did not work at all as Plaintiff tried to flush the toilet the button did not work.

**ANSWER:** **Defendants Thornton and Gomez admit Plaintiff was incarcerated at Stateville Correctional Center but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.**

3. as Plaintiff tried to push the hot and cold water buttons each button did not work and the water from the sink came out in small drips and the toilet had feces and urine in it, that gave the cell an feces and urine smelled odor.

**ANSWER:** **Defendants Thornton and Gomez lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

4. After noticing the cell conditions, Plaintiff called correctional officers John Doe #1, height 5'8, weight 170, bald head, John Doe #2, height 5'9, weight around 190, bald head, Jane Doe #3 height around 5'6, weight 185, John Doe #4, height 5'10, weight 195 Black hair, John Doe #5, height 5'8, weight 175 Black hair, John Doe #6, height 5'9, weight 190 Black hair, Jane Doe #7, height 5'6, weight 170, John Doe #8, height 5'7, weight 160, John Doe #9 height 5'8, weight 160, Jane Doe #10, height 5'9, weight 175, John Doe #11, height 5'9, weight 175 Jane Doe #12, height 5'6, weight 158, Black hair John Doe #13, height 5'9, weight 190, Black hair, John Doe #14, height 5'8, weight 180, Dark hair Jane Doe #15, height 5'10, weight around 150 Black hair, John Doe #16, height 5'9, weight 190 Baldhead, John Doe #17, height 5'10, weight 178 Black hair, John Doe #18, height 5'6, weight 185, Jane Doe #19, height 5'6, weight 170, Dark hair, Jane Doe #20, height 5'7, weight 160, John Doe #21, height 5'9, weight 185, Dark hair, John Doe #22, height 5'9, weight 180, Dark hair, Jane Doe #23, height 5'6, weight 140, Black hair.

**ANSWER:** **Defendants Thornton and Gomez lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

5. Plaintiff then explained to correctional officers that his toilet completely did not work or neither flushed or had any pressure coming from the button as well as the hot and cold water buttons from the sink did not work.

**ANSWER: Defendants Thornton and Gomez lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

6. In further, Plaintiff complained of the feces and urine smell that filled the cell from the inoperable toilet.

**ANSWER: Defendants Thornton and Gomez lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

7. Due to the inhumane conditions Plaintiff suffered from headaches, stomach pains, dizziness, blurred vision and nauseated, vomiting, breathing issues.

**ANSWER: Defendants Thornton and Gomez lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

8. Plaintiff further complained of needing to use the bathroom and a working sink and Plaintiff was denied by John and Jane Doe's #1-23.

**ANSWER: Defendants Thornton and Gomez lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

9. Next, Plaintiff asked for an supervisor or to call maintenance and have it fixed or have Plaintiff moved to an adequate working cell and correctional officers John and Jane Doe's #1-23 stated "Welcome to E-house", they fix it when they want, and they will not move you.

**ANSWER: Defendants Thornton and Gomez lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

10. Plaintiff wrote letters to the Placement officer Thorton, maintenance supervisor John/Jane Doe and Warden Gomez and asked each prison official to be moved, Plaintiff never received an response neither his conditions changed as Plaintiff was subjected to these conditions up to 24 hours each day.

**ANSWER: Defendants Thornton and Gomez lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

## COUNT 1 – CRUEL AND UNUSUAL PUNISHMENT

11. Plaintiff re-alleges the allegations in Paragraphs 1-10 of the "facts common to all counts."

**ANSWER: Defendants re-allege and incorporate their Answers to paragraphs 1-10.**

12. As a citizen of the United States, Plaintiff has a right under the constitution to be free from cruel and unusual punishment.

**ANSWER: Defendants Thornton and Gomez admit that Plaintiff is entitled to the rights enumerated in the Eighth Amendment but deny they violated any such rights.**

13. Correctional Officers, defendants including but not limited to correctional officers John and Jane Doe's #1-23, and placement officer Thorton, maintenance supervisor John/Jane Doe, and Warden Gomez, Defendants all acted under the color of State law to deprive Plaintiff of his constitutional right of freedom from cruel and unusual punishment in mere of more of the following ways:

    A. Subjecting Plaintiff to an Inhumane cell with an inoperable toilet and sink.

    B. Subjecting Plaintiff to an inhumane living condition as feces and urine filled the toilet and Plaintiff had to inhale the foul odor each day up to 24

       hours.

    C. Subjecting Plaintiff to an inhumane cell for up to 24 hours each day without use of the toilet or sink.

    D. Subjecting Plaintiff to an inhumane cell with no other way to use or have access to an toilet or sink.

    E. Subjecting Plaintiff to an inhumane cell with no other way to use an sink or have access to water.

**ANSWER: Defendants Thornton and Gomez deny the allegations asserted against them contained in this paragraph.**

    14. Correctional officers, Defendant's John and Jane Doe's #1-23 and Defendant's Placement officer Thorton, maintenance supervisor John/Jane Doe and Warden Gomez acted in their individual and official capacity and are personally responsible for their actions, and liable for failure to act for known or obvious conditions as well as failure to train or supervise or to response to evidence of misconduct and are officially responsible for the acts of others.

**ANSWER: Defendants Thornton and Gomez deny the allegations asserted against them contained in this paragraph.**

    15. Correctional officers, Defendants John and Jane Doe's #1-23 And Defendant's placement officer Thorton, maintenance supervisor, John/Jane Doe And Warden Gomez, Defendant's acted maliciously And want only to inflict pain upon Plaintiff.

**ANSWER: Defendants Thornton and Gomez deny the allegations asserted against them contained in this paragraph.**

    16. As a direct and proximate result of the actions of correctional officer's. Defendant's correctional officers John and Jane Doe's #1-23 and Defendant's Placement officer Thorton, maintenance supervisor John/Jane Doe And Warden Gomez, Defendant's Plaintiff has suffered physical, mental and emotional damages.

**ANSWER: Defendants Thornton and Gomez deny the allegations asserted against them contained in this paragraph.**

17. As a direct and proximate result of correctional officer's Defendants, correctional officer's John and Jane Doe's #1-23, and Defendant's placement officer Thornton, Maintenance supervisor John/Jane Doe and Warden Gomez, Defendant's actions Plaintiff has suffered and continues to suffer injuries.

**ANSWER: Defendants Thornton and Gomez deny the allegations asserted against them contained in this paragraph.**

18. Defendants, correctional officer's John and Jane Doe's #1-23, and Defendant's placement officer Thornton, Maintenance supervisor John/Jane Doe and Warden Gomez, Defendant's actions Plaintiff has had his constitutional rights violated.
**ANSWER: Defendants Thornton and Gomez deny the allegations asserted against them contained in this paragraph.**

Wherefore, Plaintiff Adam Titus respectfully requests monetary damages and any other relief the Court deems fair and justified to compensate Plaintiff for the violation of his constitutional rights and the injuries that he suffered at the hands of Defendant's in violation of his constitutional rights and the injuries that he suffered at the hands of Defendants' violation of the Eight and Fourteenth Amendments of the United States Constitution.
**ANSWER: Defendants Thornton and Gomez deny that Plaintiff is entitled to any relief whatsoever.**

## COUNT 2 – CRUEL AND UNUSUAL PUNISHMENT DELIBERATE INDIFFERENCE

19. Plaintiff re-alleges the allegations from paragraphs 1-10 of the "facts common to all counts"

**ANSWER: Defendants re-allege and incorporate their Answers to paragraphs 1-10.**

20. As a citizen of the United States, Plaintiff has a right to be free from cruel

and unusual punishment.

**ANSWER: Defendants Thornton and Gomez admit that Plaintiff is entitled to the rights enumerated in the Eighth Amendment but deny violating Plaintiff's rights.**

21. Plaintiff suffered a serious of objectively serious physical and mental, emotional injuries during the inhumane conditions, such as stomach pains, headaches, dizziness, blurred vision, breathing pains and vomiting.

**ANSWER: Defendants Thornton and Gomez lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

22. Correctional Officers, Defendants Correctional Officers' John and Jane Doe's #1-23, and Defendant's Placement officer Thorton, maintenance supervisor John/Jane Doe and Warden Gomez all acted under the color of state law to deprive plaintiff of his constitutional right of freedom from cruel and unusual punishment in more of more of the following ways:
   A. Ignoring Plaintiffs request to use the bathroom and sink.
   B. Ignoring Plaintiffs request to be moved or have the toiler and sink fixed
   C. Ignoring Plaintiff's letters to be moved as it caused physical and mental injuries
   D. Ignoring Plaintiffs letters of repeated cries for help to be mailed or have it fixed by attempt of notice.
   E. Ignoring plaintiff's letters of repeated cries for help and the physical and mental injuries he suffered by each day.
   F. Refusing to move Plaintiff or remedy the situation on any way.
   G. Failing to establish appropriate procedures for aiding an inmate in serious inhumane living conditions.
   H. Failing to instruct IDOC employees to recognize when an inmate is in inhumane living conditions and is suffering with physical and mental

injury's from those conditions and remedy it.

    I. Failing to hold supervisory role of knowledge of apparent condition or remedy it.

**ANSWER: Defendants Thornton and Gomez deny the allegations asserted against them contained in this paragraph.**

23. All defendants named in this count acted in a deliberate and/or reckless manner by ignoring and/or refusing to remedy Plaintiff's inhumane living conditions.

**ANSWER: Defendants Thornton and Gomez deny the allegations asserted against them contained in this paragraph.**

24. As a direct and proximate result of the actions of all Defendants in the court Plaintiff continues to suffer physical and mental injuries.

**ANSWER: Defendants Thornton and Gomez deny the allegations asserted against them contained in this paragraph.**

25. As a direct and proximate result of the actions of all Defendant's in this court, Defendants has had his constitutional rights <u>violated.</u>

**ANSWER: Defendants Thornton and Gomez deny the allegations asserted against them contained in this paragraph.**

Wherefore, Plaintiff Adam Titus respectfully requests monetary damages and any other relief the court deems fair and justified to compensate Plaintiff for the violation of his constitutional rights and the injuries that he suffered at the hands of Defendants for deliberate indifference to Plaintiff serious inhumane living conditions in violation of the Eight and Fourteenth Amendments of the United States Constitution.

**ANSWER: Defendants Thornton and Gomez deny that Plaintiff is entitled to any relief whatsoever.**

### **RELIEF**

26. Plaintiff respectfully demands trial by jury

    A. Compensatory damages determined by trier of facts

    B. Punitive damages determined by trier of facts

C. Such injunctive or other relief as the court deems just and proper.

**ANSWER: Defendants Thornton and Gomez deny that Plaintiff is entitled to any relief whatsoever.**

## JURY DEMAND

Defendants Thornton and Gomez demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1. **Failure to Exhaust:** To the extent that the Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action, Plaintiff's claims are barred by the Prison Litigation Reform Act (42 U.S.C. § 1997(e)).

2. **Qualified Immunity:** At all times relevant herein, Defendants acted in good faith in the performance of their official duties and acted without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

3. **Eleventh Amendment Sovereign Immunity**: The Eleventh Amendment bars suits in federal court against a state and its agencies. To the extent that Plaintiff is seeking monetary damages from Defendants in their official capacities, such claims are barred by the Eleventh Amendment.

4. **Lack of Personal Involvement**: To the extent that Plaintiff is suing Defendants for actions of a subordinate in which Defendants were not directly involved, such claims are barred because the doctrine of respondeat superior is not a basis for liability under 42 U.S.C. § 1983. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

5. **Statute of Limitations**: Plaintiff's claims are barred, in whole or in part, by the State of Illinois' two-year statute of limitations applicable to claims under 42

U.S.C. § 1983. *See Kalimara v. Illinois Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989).

Dated: May 23, 2025

                                                Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois                    By: */s/Ariella Campisi*
                                                Ariella Campisi
                                                Assistant Attorney General
                                                Office of the Illinois Attorney General
                                                General Law Bureau
                                                115 S. LaSalle Street
                                                Chicago, Illinois 60603
                                                (312) 793-1837
                                                Ariella.Campisi@ilag.gov